**In re Petition for DISCIPLINARY ACTION AGAINST Bradley C. RHODES, a Minnesota Attorney, Registration No. 155913.**

**No. A04–2252.**

Supreme Court of Minnesota.

May 18, 2005.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Bradley C. Rhodes has committed professional misconduct warranting public discipline, namely, failing to serve and file a brief during his representation of a client in a criminal matter, failing to timely serve and file another brief for that client, and failing to cooperate with the Director's investigation of the matter, in violation of Minn. R. Prof. Conduct 1.3, 3.2, 3.4(c), 8.1(a)(3), and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand, payment of $930 in costs and disbursements under Rule 24, RLPR, and two years of supervised probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date the stipulation was executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to

appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters that respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within thirty days from the execution of the stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Bradley C. Rhodes is publicly reprimanded and placed on supervised probation for two years from the date of this order subject to the agreed-upon conditions set forth above. Respondent shall pay $930 in costs and disbursements under Rule 24, RLPR.

BY THE COURT:

/s/Russell A. Anderson
Associate Justice